UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM H. JOHNSTON III, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 7473 |
| v. | ) | |
| | ) | Senior U. S. District Court Judge |
| WILLIAM H. JOHNSTON JR., | ) | George W. Lindberg |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff William H. Johnston III filed this action in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, against defendant William H. Johnston Jr., alleging breach of fiduciary duty and seeking an accounting. Defendant removed the action to this court, invoking federal diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Plaintiff has moved to have this case remanded to state court. 28 U.S.C. § 1447(c).

Plaintiff advances three arguments in support of his motion for remand. First, plaintiff contends the parties are not of diverse citizenship because defendant is a citizen of Illinois, not of Florida. Second, plaintiff contends this case is intrinsically interrelated to plaintiff's ongoing divorce case, and that this court is divested of subject-matter jurisdiction by virtue of the domestic relations exception. Third, plaintiff contends this court should decline to exercise its jurisdiction by applying either the Younger or Burford abstention doctrine.

Plaintiff is a citizen of Illinois and claims that defendant is as well. Because defendant removed this case to federal court, he bears the burden of demonstrating the existence of diversity of citizenship. E.g., NFLC, Inc. v. DevCom Mid-America, Inc., 45 F.3d 231 (7th Cir. 1995) ("The party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction.") (citing Lujan v. Defenders of Wildlife, 504 U.S. 522 (1992)). To determine an

10 C 7473

individual's citizenship for diversity purposes, courts look to the individual's domicile. Denlinger v. Brennan, 87 F.2d 214, 216 (7th Cir. 1996). Domicile consists of two elements. Id. First, one must be physically present in the state. Id. Second, one must have the intent to remain there indefinitely. Id. Courts assess whether one has the requisite intent by examining "the circumstantial evidence of a person's manifested conduct." Sadat v. Mertes, 615 F.2d 1176, 1181 (7th Cir. 1980). Here, defendant owns a home in Florida, holds a Florida driver's license, is registered to vote in Florida, and files taxes as a Florida resident. In addition, defendant has furnished this court with a transcript of an August 2006 deposition, in which he testified that he moved to Florida in January 2006. Plaintiff counters that defendant has a residence in DuPage County, Illinois. But, "residence and citizenship are not synonyms and it is the latter that matters for the purposes of diversity jurisdiction." Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002). The court finds that defendant has met his burden and established he is domiciled in Florida.

Next, plaintiff claims that this case necessarily falls within the domestic relations exception to diversity jurisdiction because his decision to file it was motivated by defendant's refusal as co-trustee to release funds from a trust in order to satisfy plaintiff's support obligations.

The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689 (1992). The exception is supported by sound policy considerations: "[I]ssuance of decrees of this type not infrequently involves retention of jurisdiction by the court and deployment of social workers to

monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts . . . ." Id. at 703–04. In Ankenbrandt, the Court found that the domestic relations exception did not apply to a tort action initiated by a mother, on behalf of her children, alleging that their father sexually and physically abused them. Id. at 704 ("[T]he domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree . . . ."); accord Marshall v. Marshall, 547 U.S. 293, 307–08 (2006) (reinforcing Ankenbrandt and reminding lower courts that "only divorce, alimony and child custody decrees remain outside federal jurisdictional bounds.") (citations omitted).

Plaintiff cites the 7th Circuit's opinion in Friedlander v. Friedlander, which explains that the domestic relations exception can extend to ancillary proceedings. 149 F.3d 739, 740 (7th Cir. 1998) ("The domestic relations exception has a core and a penumbra."). The core of the exception consists of those cases where the court is asked to grant "one or more of the distinctive forms of relief associated with the domestic relations jurisdiction," such as a child custody order. Id. The penumbra consists of "ancillary proceedings, such as a suit for the collection of unpaid alimony, *that state law would require be litigated as a tail to the original domestic relations proceeding*." Id. (emphasis added). Plaintiff concedes that the instant case does not fall within the core of the domestic relations exception, but claims that it is an ancillary proceeding lying within the penumbra. However, plaintiff has cited no authority supportive of the proposition that his action against defendant for breach of fiduciary duty and for an accounting is one that Illinois law would require to be litigated as part of a domestic relations case.

In addition, plaintiff urges this court to abstain from exercising its jurisdiction under

either the Burford or the Younger abstention doctrine. The Burford abstention doctrine permits a federal court to dismiss a case only if "adjudication in the federal court would unduly intrude into the processes of state government or undermine the State's ability to maintain desired uniformity, or invade the State's interests in maintaining uniformity of the treatment of an essentially local problem and in retaining local control over difficult questions of state law bearing on policy problems of substantial public import." Ill. Bell Telephone Co., Inc. v. Global NAPs Ill., Inc., 551 F.3d 587, 595 (7th Cir. 2008) (citations and internal quotations omitted). As plaintiff rightly observes, the Ankenbrandt majority suggested that Burford abstention principles may be relevant in a case "involving elements of the domestic relationship even where the parties do not seek divorce, alimony, or child custody." 504 U.S. at 705. For example, "[s]uch might well be the case if a federal suit were filed prior to effectuation of a divorce, alimony, or child custody decree, and the suit depended on a determination of the status of the parties." Id.; see also Arnold v. Villarreal, 2010 WL 3893828 (N.D.Ill.) (Burford abstention was appropriate where the plaintiff claimed that the defendant defrauded him when she arranged a sham marriage ceremony in California to allow the California courts to resolve the parties' marital status). Here, plaintiff's claims for accounting and breach of fiduciary duty do not require resolution of his or defendant's status, nor do they involve novel or complex questions of state law. Accordingly, this action is not one in which Burford abstention would be appropriate.

Plaintiff's argument that this court should abstain pursuant to Younger is equally unpersuasive. See Younger v. Harris, 401 U.S. 37, 41 (1970). "[T]he civil brand of Younger extends only to a federal suit filed by a party that is the target of state court or administrative

10 C 7473

proceedings in which the state's interests are so important that exercise of federal judicial power over those proceedings would disregard the comity between the states and the federal government." SKS & Assoc. Ltd. v. Dart, 619 F.3d 674, 678 (7th Cir. 2010). Plaintiff argues that Illinois has an important interest in administering its laws governing domestic relations. This is true. But, adjudication of plaintiff's claims for accounting and breach of fiduciary duty will not interfere with plaintiff's divorce case. Accordingly, the Younger abstention doctrine is inapplicable.

**ORDERED:** Plaintiff William H. Johnston III's motion to remand this action [6] is denied.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

Dated: February 15, 2011